UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

SEATTLE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | No. 2:21-cv-1108 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| SUNG MO JUN, JOON MO JUN, JUNWOO CHON, AYDEN LEE, and JAE HYEON BAE, | |
| Defendants. | |

Plaintiff Securities and Exchange Commission (the "SEC") alleges:

### SUMMARY OF THE ACTION

1. This action concerns a three-year scheme that netted over $3 million in illicit profits from insider trading in Netflix securities. From July 2016 to July 2019, the defendants misappropriated and traded on confidential Netflix subscriber information in advance of 13 separate Netflix earnings announcements. The SEC brings the instant action to hold these defendants accountable for their violations of the federal securities laws.

2. Defendant Sung Mo "Jay" Jun was at the center of the insider trading ring, both while he was employed as a software engineer at Netflix and after he left the company. During

COMPLAINT
*SEC V. SUNG MO JUN ET AL.* (NO. 2:21-cv-1108)

1

**Securities and Exchange Commission**
44 Montgomery Street, Suite 2800
San Francisco, California 94104
(415) 705-2500

his employment at Netflix, Sung Mo Jun accessed material nonpublic information regarding Netflix's subscriber growth—a key driver of the subscription-based video streaming company's revenue and its success—in advance of four consecutive Netflix quarterly earnings announcements. From July 2016 through April 2017, Sung Mo Jun used this information to tip his brother, Joon Mo Jun, and his close friend, Junwoo Chon, to trade Netflix securities in advance of each quarterly earnings announcement. Joon Jun and Chon profitably traded Netflix securities based on that information, and Chon paid Sung Mo Jun $60,000 in cash from the profits he made by trading in Netflix securities.

3.     After Sung Mo Jun left Netflix, he continued to obtain confidential Netflix subscriber information from another Netflix insider, defendant Ayden Lee, who worked with Sung Mo Jun at Netflix and became his friend. From June 2017 through July 2019, Lee repeatedly tipped Sung Mo Jun with Netflix subscriber information. Sung Mo Jun traded ahead of, and tipped Joon Jun and Chon to trade ahead of, nine Netflix quarterly earnings announcements from June 2017 through July 2019.

4.     Sung Mo Jun's former Netflix colleague, defendant Jae Hyeon Bae, returned to work at Netflix after Sung Mo Jun left the company. From at least February 2018 through July 2019, Sung Mo Jun, Joon Jun, Chon, and Bae were participants in a group messaging channel (the "Messaging Channel") they used to share stock trading tips. In July 2019, while he was employed with Netflix, Bae used the Messaging Channel to tip Joon Jun about Netflix's subscriber information in advance of Netflix's July 2019 earnings announcement. Joon Jun traded on Netflix securities based on that material, non-public information.

5.     In total, Sung Mo Jun, Joon Jun, and Chon netted over $3.1 million in illicit profits from trading Netflix securities based on material, non-public information provided by Netflix insiders Sung Mo Jun, Lee, and Bae from July 2016 through July 2019.

**JURISDICTION AND VENUE**

6.     The SEC brings this action pursuant to Sections 21(d), 21(e), and 21A of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78u(d), 78u(e), and 78u-1].

COMPLAINT
SEC V. SUNG MO JUN ET AL. (NO. 2:21-cv-1108)
2
Securities and Exchange Commission
44 Montgomery Street, Suite 2800
San Francisco, California 94104
(415) 705-2500

7. This Court has jurisdiction over this action pursuant to Sections 21(d), 21(e), 21A, and 27 of the Exchange Act [15 U.S.C. §§ 78u(d), 78u(e), 78u-1, and 78aa].

8. Defendants, directly or indirectly, made use of the means or instruments or instrumentalities of transportation or communication in interstate commerce, or of the mails, or the facilities of a national securities exchange, in connection with the transactions, acts, practices, and courses of business alleged herein.

9. Venue is proper in this District pursuant to Section 27 of the Exchange Act [15 U.S.C. § 78aa]. Certain of the acts, practices, courses of business, and transactions constituting the violations alleged herein occurred within the Western District of Washington. Pursuant to LCR 3(e)(1), assignment to the Seattle Division is appropriate because a substantial part of the relevant conduct occurred in King County.

**DEFENDANTS**

10. **Sung Mo "Jay" Jun**, 49 years old, resides in Bellevue, Washington. Sung Mo Jun was employed as a software engineer at Netflix from December 2013 through February 2017. After leaving Netflix, until late 2018, he was employed by a large technology company outside the United States. From approximately 2019 to 2020, Sung Mo Jun was a senior software engineer at a Seattle-area technology company.

11. **Joon Mo Jun**, 45 years old, resides in Issaquah, Washington. Joon Jun and Sung Mo Jun are brothers.

12. **Junwoo Chon**, 49 years old, resides in Bellevue, Washington. Chon is a close friend of Sung Mo Jun, and the two have known each other for approximately 20 years.

13. **Ayden Lee**, 33 years old, resides in San Jose, California. From May 2016 to approximately February 2021, Lee was a software engineer at Netflix. Lee met Sung Mo Jun when interviewing for his position at Netflix and worked with him from May 2016 through February 2017. Lee considered Sung Mo Jun a mentor in their work at Netflix.

14. **Jae Hyeon Bae**, 42 years old, resides in San Jose, California. Bae worked at Netflix as a software and data engineer during two periods: first between July 2012 and April

COMPLAINT
SEC V. SUNG MO JUN ET AL. (NO. 2:21-cv-1108)
3
Securities and Exchange Commission
44 Montgomery Street, Suite 2800
San Francisco, California 94104
(415) 705-2500

2015 and again from June 2017 through July 2019. Bae became friends with Sung Mo Jun during his first period working at Netflix and the two worked in the same group.

## RELEVANT ENTITY

15. **Netflix, Inc.** is a Delaware corporation headquartered in Los Gatos, California. Netflix is a subscription-based video streaming service offering online TV shows and movies. Netflix's common stock is registered with the Commission pursuant to Section 12(b) of the Exchange Act and is listed on NASDAQ under the ticker "NFLX."

## FACTUAL ALLEGATIONS

**A. Netflix Subscriber Information Is Material and Confidential Company Information.**

16. During the entire relevant period for this action, July 2016 through July 2019, Netflix's revenue growth largely depended on increasing the number of customers who purchased subscriptions. As the company and investors recognized, subscriber performance numbers, which Netflix announced in its quarterly earnings releases, was material information.

17. Netflix makes its periodic subscriber numbers available to its employees through its intranet on an ongoing basis. Netflix treats the subscriber numbers as confidential information according to its company policies, including its insider trading policy, which all employees must acknowledge. That insider trading policy prohibits Netflix employees from trading Netflix securities based upon material nonpublic information, and further prohibits its employees from making recommendations or expressing opinions about trading in Netflix securities based upon such information.

**B. July 2016 to April 2017: Netflix Insider Sung Mo Jun Tips Material Nonpublic Netflix Subscriber Information to Joon Jun and Chon.**

18. While employed at Netflix, Sung Mo Jun had access from at least July 2016 through February 2017 to confidential Netflix subscriber information in advance of Netflix's earnings announcements. Sung Mo Jun knew, or was reckless in not knowing, he owed Netflix a duty to keep that material nonpublic information confidential, and that he was prohibited from

COMPLAINT
*SEC V. SUNG MO JUN ET AL.* (NO. 2:21-cv-1108)

4

Securities and Exchange Commission
44 Montgomery Street, Suite 2800
San Francisco, California 94104
(415) 705-2500

using that information to trade Netflix securities or from sharing that information with anyone else for purposes of trading Netflix securities.

19. From at least July 2016 through February 2017, in violation of his duties to Netflix, Sung Mo Jun tipped Joon Jun and Chon about Netflix's material nonpublic subscriber information in advance of Netflix earnings announcements. Sung Mo Jun did so with the expectation that Joon Jun and Chon would trade in Netflix securities based on that material nonpublic subscriber information. Sung Mo Jun's tips to Joon Jun and Chon were gifts of confidential information to his trading relative and friend, and Sung Mo Jun further benefitted through cash payments out of the trading proceeds.

20. Joon Jun and Chon knew, or were reckless it not knowing, that Sung Mo Jun was breaching the duties he owed to his employer by giving them inside information and understood it was improper for them to trade Netflix securities based upon the material non-public subscriber information that Sung Mo Jun provided to them. Nonetheless, acting in coordination with each other and with Sung Mo Jun, Joon Jun and Chon traded Netflix securities in advance of Netflix's quarterly earnings announcements based upon that material nonpublic subscriber information in July 2016, October 2016, January 2017, and April 2017.

21. On many occasions during that period, Joon Jun and Chon placed trades minutes apart for identical Netflix options contracts. A stock options contract gives the owner the right to buy or sell a stock at a fixed price, known as the strike price, on or before a specified date, known as the expiration date. A "call" option contract typically gives the owner the right to purchase 100 shares of the underlying stock at a strike price for a specified period of time. A "put" option contract gives the owner the right to sell 100 shares of the underlying stock at a strike price for a specified period of time.

22. Although Sung Mo Jun ended his employment with Netflix in February 2017, he accessed material nonpublic Netflix subscriber information relating to the first quarter of 2017 before he left Netflix and tipped that information to Joon Jun and Chon for purposes of trading Netflix securities in advance of Netflix's earnings announcement in April 2017. In further violation of his duties to Netflix, Sung Mo Jun also personally traded in Netflix securities in

COMPLAINT
SEC V. SUNG MO JUN ET AL. (NO. 2:21-cv-1108)
5
Securities and Exchange Commission
44 Montgomery Street, Suite 2800
San Francisco, California 94104
(415) 705-2500

advance of Netflix's April 2017 quarterly earnings announcement based on the material nonpublic Netflix subscriber information he had accessed while he was a Netflix employee.

23. Sung Mo Jun, Joon Jun, and Chon communicated about their Netflix trading activities through an encrypted messaging application to evade detection. Joon Jun made approximately $215,000 and Chon made approximately $521,000 in profits from trading Netflix securities based on the material nonpublic Netflix subscriber information in advance of Netflix's quarterly earnings announcements in July 2016, October 2016, January 2017, and April 2017. Chon paid Sung Mo Jun $60,000 in cash from his trading profits in return for the material nonpublic Netflix information Sung Mo Jun had provided him.

**C. June 2017 to July 2019: Netflix Insider Ayden Lee Tips Sung Mo Jun, Who Then Trades and Tips Joon Jun and Chon.**

24. Lee met Sung Mo Jun while interviewing for a position at Netflix in 2016. When Lee joined the company in May 2016, he worked in the same group as Sung Mo Jun.

25. While employed at Netflix, Lee had access to confidential Netflix subscriber information. Lee received and acknowledged Netflix's insider trading policy when he began his employment, and he knew, or was reckless in not knowing, that he owed Netflix a duty to keep material nonpublic information such as Netflix's subscriber information confidential. Lee further knew, or was reckless it not knowing, that he was prohibited from using that information to trade Netflix securities and from sharing that information with anyone else for purposes of trading Netflix securities.

26. After Sung Mo Jun left Netflix in February 2017, he repeatedly asked Lee to provide him the confidential Netflix subscriber information that Sung Mo Jun had directly accessed while he was employed at Netflix. Lee viewed Sung Mo Jun as a mentor and friend. Therefore, in violation of his duties to Netflix, Lee repeatedly provided Netflix's confidential, internal subscriber information to Sung Mo Jun between June 2017 and July 2019. Lee understood that Sung Mo Jun would use the material nonpublic information for the purpose of trading Netflix securities. Lee tipped this information as gifts of confidential information to a friend.

COMPLAINT
*SEC V. SUNG MO JUN ET AL.* (NO. 2:21-cv-1108)

6

Securities and Exchange Commission
44 Montgomery Street, Suite 2800
San Francisco, California 94104
(415) 705-2500

27.     Sung Mo Jun knew, or was reckless in not knowing, Lee was breaching the duties he owed to Netflix by giving him inside information, and that it was improper for Sung Mo Jun to trade in Netflix securities or tip others for trading based upon that information.

28.     From June 2017 through July 2019, Sung Mo Jun passed on the material nonpublic Netflix information he received from Lee to Joon Jun and Chon for the purpose of trading in Netflix securities. Joon Jun and Chon knew, or were reckless in not knowing, Sung Mo Jun had obtained the subscriber information from Lee, a Netflix insider and Sung Mo Jun's former mentee. Joon Jun and Chon also knew, or were reckless in not knowing, that Lee was breaching his duties to his employer by giving Sung Mo Jun the inside information, and that it was improper for them to trade in Netflix securities based on that information. From June 2017 through July 2019, Sung Mo Jun made approximately $453,000, Joon Jun made approximately $813,000, and Junwoo Chon made approximately $1.1 million trading in advance of nine consecutive Netflix earnings announcements.

**D.  Jae Hyeon Bae Tips Joon Jun In Advance of the July 2019 Netflix Earnings Announcement.**

29.     While he was employed at Netflix, Sung Mo Jun also met and worked in the same group as Bae, another software engineer at Netflix, and the two became friends. During his employment at Netflix, Bae had access to confidential Netflix subscriber information. Bae received and acknowledged Netflix's insider trading policy when he began his employment, and he knew, or was reckless in not knowing, he owed Netflix a duty to keep material nonpublic information such as Netflix's subscriber information confidential. Bae further knew, or was reckless in not knowing, that he was prohibited from using that information to trade Netflix securities and from sharing that information with anyone else for purposes of trading Netflix securities.

30.     In February 2018, Bae joined a Messaging Channel, called "Rage Against the Market," hosted on a popular business communication platform, that also included Sung Mo Jun, Joon Jun, and Chon. The Messaging Channel was used to discuss stock trading as well as social

COMPLAINT
SEC V. SUNG MO JUN ET AL. (NO. 2:21-cv-1108)
7
Securities and Exchange Commission
44 Montgomery Street, Suite 2800
San Francisco, California 94104
(415) 705-2500

information. Bae, Sung Mo Jun, and Joon Jun communicated on the Messaging Channel, and Bae hoped to obtain information on the Messaging Channel that would help him make money trading securities.

31. Just prior to Netflix's quarterly earnings announcement in July 2019, Joon Jun used the Messaging Channel to ask Bae for his opinion about Netflix's performance. Bae understood this request related to trading in Netflix securities, and told Joon Jun that he should sell Netflix shares. Bae did so based on his knowledge of Netflix's confidential subscriber information, which he understood to be below analyst's then-current expectations. Bae knew, or was reckless in not knowing, that he was violating his duties to Netflix by making this recommendation to Joon Jun. Bae tipped this information as a gift of confidential information to a trading friend and in order to preserve the opportunity to access information through the Messaging Channel that could yield future gain.

32. Joon Jun understood that Bae was employed at Netflix, that Bae's recommendation was based on his knowledge of Netflix's confidential subscriber information, and that Bae was breaching his duties to his employer by giving Joon Jun the inside information. Joon Jun further understood that it was improper for him to trade Netflix securities based upon that recommendation. Nonetheless, based on the tip from Bae, along with the material nonpublic Netflix information Sung Mo Jun had obtained from Lee and tipped to Joon Jun, Joon Jun traded Netflix securities in advance of Netflix's July 2019 earnings announcement and generated illegal profits of $72,875.

## TOLLING AGREEMENTS

33. In May 2021, Defendants Sung Mo Jun, Joon Jun, and Chon each signed tolling agreements with the Commission. Each tolling agreement specifies a period of time (a "tolling period") in which the "running of any statute of limitations applicable to any action or proceeding against [the defendant] authorized, instituted, or brought by or on behalf of the Commission or to which the Commission is a party arising out of the investigation ('any proceeding'), including any sanctions or relief that may be imposed therein, is tolled and suspended for the period beginning on May 21, 2021 through July 20, 2021 …." Each tolling

COMPLAINT
*SEC V. SUNG MO JUN ET AL.* (NO. 2:21-cv-1108)
8
Securities and Exchange Commission
44 Montgomery Street, Suite 2800
San Francisco, California 94104
(415) 705-2500

agreement further provides that the defendant and any of his agents or attorneys "shall not include the tolling period in the calculation of any running of the statute of limitations or for any other time-related defense applicable to any proceeding, including any sanctions or relief that may be imposed therein, in asserting or relying upon any such time-related defense."

## FIRST CLAIM FOR RELIEF

**Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder**

**(Against Defendants Sung Mo Jun, Joon Jun, Junwoo Chon, Ayden Lee, and Jae Hyeon Bae)**

34. The SEC realleges and incorporates by reference paragraphs 1 through ____, as though fully set forth herein.

35. By engaging in the conduct described above, Defendants Sung Mo Jun, Joon Jun, Junwoo Chon, Ayden Lee, and Jae Hyeon Bae, in connection with the purchase or sale of securities, directly or indirectly, by the use of the means or instrumentalities of interstate commerce, or of the mails, or of the facilities of a national securities exchange, with scienter:

   (a) employed devices, schemes, or artifices to defraud;

   (b) made untrue statements of material fact or omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and/or

   (c) engaged in acts, practices, or courses of business which operated or would operate as a fraud or deceit upon other persons, including purchasers and sellers of securities.

36. By engaging in the foregoing conduct, Defendants Sung Mo Jun, Joon Jun, Junwoo Chon, Ayden Lee, and Jae Hyeon Bae each violated Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

COMPLAINT
*SEC V. SUNG MO JUN ET AL.* (NO. 2:21-cv-1108)

9

Securities and Exchange Commission
44 Montgomery Street, Suite 2800
San Francisco, California 94104
(415) 705-2500

**PRAYER FOR RELIEF**

WHEREFORE, the SEC respectfully requests that this Court enter a judgment:

I.

Finding that each of Defendants Sung Mo Jun, Joon Jun, Junwoo Chon, Ayden Lee, and Jae Hyeon Bae committed the violations alleged herein;

II.

Permanently enjoining Defendants Sung Mo Jun, Joon Jun, Junwoo Chon, Ayden Lee, and Jae Hyeon Bae from directly or indirectly violating Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5];

III.

Ordering Defendants Sung Mo Jun, Joon Jun, Junwoo Chon, Ayden Lee, and Jae Hyeon Bae each to pay a civil penalty pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1];

IV.

Barring Defendant Sung Mo Jun, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)];

V.

Retaining jurisdiction of this action in accordance with the principles of equity and the Federal Rules of Civil Procedure in order to implement and carry out the terms of all orders and decrees that may be entered, or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court; and

COMPLAINT
SEC V. SUNG MO JUN ET AL. (NO. 2:21-cv-1108)

10

Securities and Exchange Commission
44 Montgomery Street, Suite 2800
San Francisco, California 94104
(415) 705-2500

1
2
3                                          VI.
4       Granting such other and further relief as this Court may deem just, equitable, and
   necessary.
5
   Dated: August 18, 2021
6
                                                  Respectfully submitted,
7
                                                  s/Rahul Kolhatkar
8                                                 Rahul Kolhatkar (Conditionally Admitted
                                                  Pursuant to LCR 83.1(c)(2))
9                                                 Securities and Exchange Commission
                                                  44 Montgomery Street, Suite 2800
10                                                San Francisco, California  94104
                                                  Telephone:  (415) 705-2500
11                                                Facsimile:  (415) 705-2501
                                                  Email: kolhatkarr@sec.gov
12                                                *Attorney for Plaintiff Securities and
                                                  Exchange Commission*
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT
*SEC V. SUNG MO JUN ET AL.* (NO. 2:21-cv-1108)                11

**Securities and Exchange Commission**
44 Montgomery Street, Suite 2800
San Francisco, California 94104
(415) 705-2500